## L. B. OVERBY *v.* N. C. PENYMAN et al.

**Injunction — Process to Revive — Dissolution.**

The dissolution of an injunction on a petition for a new trial cannot be revived by the appellate court until the appellant shall have obtained an order from the court below to stay the dissolution for such time as will enable him to obtain an order from the appellate court to reinstate same. The dissolution must stand until the petition for a re-hearing after the adjournment of the term of court at which the judgment was rendered is finally disposed of, and until this is done the appellate court has no jurisdiction of the case.

APPEAL FROM CALDWELL CIRCUIT COURT.

June 8, 1867.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Whether the judgment of $37.50 obtained by appellee Penyman against appellant on his offset can be modified ultimately by this proceeding, which is a petition for a new hearing after the adjournment of the term at which the judgment was rendered, we will not intimate, nor whether a motion made in proper time to correct the judgment as a misprision would have reached the error complained of.

It is quite probable that the items in the offset for over $100 are the same as the credits given by Overby on Penyman's account with him, and if so it is quite unjust for Penyman to get credit therefor and then again get the benefit thereof by way of offset, but Overby should have replied to Penyman's offset; it seems from the record he offered to do so, but this reply was not made part of the record; therefore, we cannot determine that it presented any defense to the offset.

The dissolution of the injunction on appellant's petition for a new trial cannot now be revived; he should have obtained an order from the court to stay the dissolution for twenty days that an application to one of the judges of this court to reinstate it might have been made, but having failed to do this the dissolution must stand until the petition is finally disposed of, and until this is done this court has no jurisdiction of the case. We cannot revise the first judgment until this petition for a new trial is dis-

posed of, so there is nothing in the record now subject to revision in the present posture of affairs. Wherefore, the appeal is dismissed.

*Calvert,* for Appellant.

*Harlan,* for Appellee.